IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lonte Anthony Sumpter, | ) | C/A No. 0:20-1770-JMC-PJG |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER AND REPORT AND RECOMMENDATION** |
| Georgetown County Detention Center, | ) ) | |
| Defendant. | ) ) | |

Plaintiff Lonte Anthony Sumpter, a self-represented litigant, brings this civil rights action pursuant to 28 U.S.C. § 1915 and § 1915A.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). By order dated June 8, 2020, the court provided Plaintiff the opportunity to file an amended complaint to correct deficiencies identified by the court that would warrant summary dismissal of the Complaint pursuant to § 1915 and § 1915A. (ECF No. 6.) Plaintiff filed an Amended Complaint on July 16, 2020.[2] (ECF No. 21.) Having reviewed the Amended Complaint in accordance with applicable law, the court concludes the Amended Complaint still fails to state a viable claim and should be summarily dismissed with prejudice and without issuance of service of process.

In the original complaint, Plaintiff indicated that on January 3, 2020 he slipped on some water coming out of the showers at the Georgetown County Detention Center, causing neck and

---

[1] At the time he filed this case, Petitioner was an inmate in the Georgetown County Detention Center.

[2] Petitioner actually filed two amended complaints, (ECF Nos. 13 & 22), likely because of problems the court had in mailing documents to Petitioner when he was released from jail. The court has reviewed both amended complaints, which are essentially the same, but is considering the most recently filed amended complaint as the operative pleading.

back injuries. He claimed he slipped because there are no shower rugs outside of the detention center's showers. Plaintiff indicated that he expressly brings this action for damages pursuant to 42 U.S.C. § 1983.

In the court's June 8 order, it found that the original complaint was subject to summary dismissal for failure to state a claim upon which relief can be granted pursuant to § 1915 and § 1915A. Specifically, the court found that the only named defendant, the Georgetown County Detention Center, is not a "person" amenable to suit under § 1983 because it is an inanimate object, and not an individual or body politic or corporate. (ECF No. 6 at 3.) The court also found that, even if Plaintiff named an individual amenable to suit, Plaintiff failed to plausibly allege that a detention center official violated his rights. (Id. at 3-4.)

In the Amended Complaint, Plaintiff again names the Georgetown County Detention Center as the only defendant. (ECF No. 21.) Also, Plaintiff does not add any new or different allegations or claims to the Amended Complaint.

The court finds that despite having availed himself of the opportunity to cure the deficiencies previously identified by the court, Plaintiff's Amended Complaint should nonetheless be summarily dismissed. As explained in the court's June 8 order, Plaintiff fails to state a claim upon which relief can be granted because he fails to name a defendant that is amenable to suit pursuant to § 1983 and does not plausibly allege that any detention center official violated his rights. Plaintiff did not cure that defect in the Amended Complaint. Accordingly, the court recommends that this action be summarily dismissed with prejudice as to this defendant and without issuance and service of process. See Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (2020) (providing that an *in forma pauperis* action dismissed with prejudice counts as a "strike"

under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g)); see also McLean v. United States, 566 F.3d 391, 400-01 (4th Cir. 2009) (providing that dismissal of a *pro se* litigant's claim with prejudice is appropriate where the claim is "substantively meritless" or "lacks legal merit" and cannot be cured by amendment of the complaint), abrogated on other grounds by Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020).[3]

_____

July 30, 2020               Paige J. Gossett
Columbia, South Carolina    UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

---

[3] The Clerk of Court is directed to terminate Plaintiff's second motion to proceed *in forma pauperis* because it is duplicative of the previous motion that was granted by the court. (ECF No. 22.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).